UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ALICE NAZZARO,                          )
                  Plaintiff,            )
                                        )        C.A. No.: 1:20-CV-011556
v.                                      )
                                        )
SPEEDWAY LLC                            )
                  Defendant.            )
_____)

## NOTICE OF REMOVAL

Defendant, Speedway LLC, ("Speedway"), through its undersigned counsel, pursuant to

28 U.S.C. §1441 and §1446, respectfully petitions for the removal of the instant action styled *Alice*

*Nazzaro v. Speedway LLC,* Case No. 2072CV0270 from the Superior Court of Barnstable County,

Massachusetts to the United States District Court for the District of Massachusetts, and as grounds

therefore states as follows:

## GROUNDS FOR REMOVAL

1.      This is a civil action for personal injury which was filed by plaintiff, Alice Nazzaro

("Plaintiff"), in the Superior Court in and for Barnstable County, Massachusetts, which is within

the District of Massachusetts.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all filings

from the State Court action in Speedway's possession are attached as **Exhibit A**.

2.      The underlying action was filed by the Plaintiff on or about July 13, 2020.  (*See*

**Exhibit A**.)

3.      Speedway was served by process server on August 11, 2020.  (*See* Service of

Process Transmittal attached as **Exhibit B**.)

4.      This Notice of Removal is filed within thirty (30) days from the date on which Defendant, Speedway LLC, was served and, therefore, is timely pursuant to 28 U.S.C. §1446(b).

## DIVERSITY JURISDICTION

5.       This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(a).  This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs.

6.      Plaintiff, Alice  Nazzaro ("Plaintiff"), is an individual who is a resident in the Town of Falmouth, County of Barnstable, Commonwealth of Massachusetts.  *See* Exhibit A, ¶1.

7.      Defendant, Speedway LLC, is a Delaware LLC with a principal place of business in Ohio.  Speedway's sole member is MPC Investment LLC, a Delaware LLC with a principal place of business in Ohio. MPC Investment LLC has as its sole member Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio.  Therefore, the Complaint alleges facts that set forth the diversity of citizenship between the parties.

8.      Pursuant to 28 U.S.C. §1446(d), Speedway will give prompt notice upon filing of this Notice of Removal to all parties of record and to the Clerk of the Superior Court in Barnstable County.

## JURISDICTIONAL AMOUNT

9.      In this action, Plaintiff seeks judgment against Speedway in an unknown amount for personal injuries as the result of alleged negligence which she claims is attributable to Speedway.  (*See* Civil Action Cover Sheet, attached as Exhibit A.).  Specifically, Plaintiff seeks recovery for medical expenses presently totaling $14,600.00, plus damages for anticipated future

medical/hospital expenses related to her right shoulder treatment (*See* Statement of damages, attached as **Exhibit A**).  Plaintiff's Statement of Damages indicates that she continues to treat for injuries to her right side, right shoulder, right elbow and right wrist, with future medical expenses expected to be incurred.(*See* Statement of Damages, attached as **Exhibit A.**).  The plaintiff had been scheduled for a surgical repair for a right torn rotator cuff injury in February, 2020, but the surgery was delayed due to COVID-19.

10.     The Plaintiffs' Complaint alleges that on August 31, 2017 the Plaintiff "was caused to trip and fall by Speedway's failure to remove various items from the floor, which caused the plaintiff to suffer numerous injuries and to incur substantial medical expenses.  (*See* Complaint, ¶4-6.)  The Plaintiff claims she continues to suffer severe physical pain and limitation. (*See* Complaint, ¶6).

11.     If the jurisdictional amount is not facially apparent from the complaint, then a court 'need look to the notice of removal and any other materials submitted by the removing defendant.' *See* <u>Reynolds v. World Courier Ground, Inc.</u>, 272 F.R.D. 284, 285–86 (D. Mass. 2011) '[W]hether a defendant has shown a reasonable probability that the amount in controversy exceeds [the jurisdictional minimum] may well require analysis of what both parties have shown'; however, in considering whether a removing defendant has met the standard of 'reasonable probability,' a court may 'consider which party has better access to the relevant information.' *Id.*  A 'court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than [the jurisdictional minimum] is in controversy at the time of removal.' The preliminary determination concerning whether a defendant has met its burden 'should be done quickly, without an extensive fact-finding inquiry.' *Id.*; <u>Laughlin Kennel Company v. Gatehouse Media Inc.</u>, 2016 WL 4445740 (D. Mass. 2016) (recognizing that in a case based in diversity

jurisdiction, the defendant must show a reasonable probability that the amount in controversy is greater than $75,000."); *Toro v. CSX Intermodal Terminals, Inc.*, 2016 WL 4212238 (D. Mass. 2016) (saying that in "a case based on diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must exceed $75,000. The amount in controversy includes statutory multipliers of damages, as well as statutory attorney's fees.") (citations omitted).

12.     Based on the allegations contained in the Plaintiff's Complaint and those damages calculated in the Civil Action Cover Sheet, the amount in controversy is sure to exceed the jurisdictional requirement of $75,000.00, exclusive of interest and attorney's fees.

WHEREFORE, Defendant, Speedway LLC, petitions this Court for removal of this action to the United States District Court for the District of Massachusetts, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this action.

Respectfully submitted,

The Defendant,
Speedway LLC,
By its Attorneys,


*/s/ Audrey L. Bradley*
Audrey L. Bradley, BBO#555018
Litchfield Cavo, LLP
155 S. Main Street, Suite 201
Providence, RI 02903
(401) 427-4201 – Tel.
(781) 246-0167 – Fax
bradleya@litchfieldcavo.com


Date:  August 18, 2020

## **CERTIFICATE OF SERVICE**

       I, Audrey Bradley, hereby certify that on the 18th day of August, 2020, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants

                        */s/ Audrey Bradley*
                        Audrey Bradley